UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE E. POST,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMANDER KIM PEDREIRO, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-00670 JLT (PC)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on April 18, 2012. (Doc. 1) For the reasons set forth below, the Court recommends that the matter be **DISMISSED WITHOUT PREJUDICE.**

**I. Screening Requirement**

Whenever a prisoner seeks redress from a governmental entity or officer, the Court is obligated to screen the complaint and dismiss it or any portion thereof, if the Court determines the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible . . . " Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

///

**II.     Plaintiff has failed to exhaust his administrative remedies under the PLRA**

Plaintiff alleges that while housed at the Kings County jail, religious materials brought to the jail for him were rejected improperly. (Doc. 1)  He asserts that he filed a grievance related to this event and that the grievance was not properly handled. Id. at 3. Notably, he alleges that the third level review had not been completed at the time he filed this lawsuit. Id. at 3, 4. Attached to the complaint is the review documents in which the reviewing official indicated that she would "look into this and get back to you by Wednesday the 18th." Id. at 4. However, when Plaintiff did not receive this follow-up, on this same date, April 18, 2012, Plaintiff filed the instant litigation. Id. at 2.

**A.     Discussion**

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a prerequisite to the inmate filing a lawsuit. See Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001). The PLRA requires the inmate to exhaust every level in the administrative process. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  If the Court concludes that the prisoner has failed to exhaust his administrative remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1119-1120 (9th Cir. 2003).

The goals of the PLRA's exhaustion requirement are to: (1) "eliminate unwarranted federal court interference with the administration of prisons;" (2) "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and, (3) "reduce the quantity and improve the quality of prisoner suits." Woodford v. Ngo, 548 U.S. 81, 84-85 (2006). Therefore, "the PLRA exhaustion requirement requires full and proper exhaustion." Id. at 92-94. Importantly, "[t]he requirements of the prison's grievance process, not the PLRA, define the boundaries of proper exhaustion" (Jones v. Bock, 549 U.S. 199, 218 (2007)), and it is only a final decision on the merits at the final level of appeal which satisfies the exhaustion requirement under the PLRA.  See Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009).

Here, Plaintiff admits that the third level appeal was not completed at the time he filed his complaint. (Doc. 1 at 1) He seems to claim that because he did not receive the promised response by a particular time on April 18, 2012, he was entitled to file the lawsuit here. However, as noted above, that interpretation is not consistent with the PLRA. Though unreasonable delay by prison officials may render administrative remedies unavailable such to avoid the restrictions of the PLRA (Brown v. Valoff, 422 F.3d 926, 943 n. 18 (9th Cir. 2005)), here there are no facts that such an unreasonable delay occurred. Instead, the very day that the response was promised, Plaintiff filed suit.

Given Plaintiff's pleadings, it is clear, he has not exhausted administrative remedies and he is prohibited from filing his complaint under the PLRA. Woodford v. Ngo, 548 U.S. at 83-84 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.") Given this, the matter must be dismissed. Porter, 534 U.S. at 524; Booth, 532 U.S. at 739.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The complaint is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated: __March 5, 2013__                     __/s/ Jennifer L. Thurston__
                                                            UNITED STATES MAGISTRATE JUDGE